# In the United States Court of Federal Claims

No. 18-1606C
(Filed: January 10, 2019)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

BRIAN HAMMER,

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant,*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

On September 24, 2018, plaintiff filed a document entitled "Plaintiff's Motion to Enforce Settlement Agreement, Impose Sanctions, and Award Litigation Costs." Mr. Hammer asks the court to enforce what he characterizes as a settlement agreement between himself and the United States that he alleges was entered into to settle case No. 17-912 (before Senior Judge Charles Lettow). At the direction of Judge Lettow, the clerk's office treated this document as a new complaint, and the case was assigned to the undersigned.

The present complaint cites the Joint Stipulation of Dismissal filed in No. 17-912 (ECF No. 11) as evidence of an agreement between plaintiff and the government to litigate the claims presented in that case in state court in California. The present complaint alleges that Mr. Hammer did so and that the government then breached that agreement by removing the action to federal district court. He thus asks the court to enjoin the United States from removing the state court action to federal court and asks for monetary sanctions against defendant for disregarding a court order, though it is not clear what order is alleged to have been violated, and for an award of

litigation costs for having to enforce the settlement agreement and defend the removal action in district court.[1]

Defendant has moved to dismiss the present complaint for lack of jurisdiction and for failure to state a claim. That motion is fully briefed. Plaintiff has also asked for leave to file a sur-reply in opposition to the motion to dismiss. That motion is granted, and we deem the brief attached to plaintiff's motion filed as of the date of this order.[2]

We agree with defendant that this action must be dismissed for lack of jurisdiction. The complaint has not alleged a contract claim which would give rise to jurisdiction in this court under the Tucker Act, nor has plaintiff asked for a remedy that this court possesses the authority to award. *See* 28 U.S.C. § 1491 (2012) (granting this court jurisdiction over cases for money damages based upon the Constitution, a statute, a regulation, or a contract with the United States).

The joint stipulation of dismissal filed in the earlier action here cannot support a claim for breach of contract because it is on its face not an enforceable contract. It reads, "[t]he parties . . . stipulate that the above captioned action is dismissed without prejudice. Mr. Hammer does not dispute that the Court of Federal Claims lacks jurisdiction over his breach of contract action, and intends to refile his claim in the San Diego Superior Court." Joint Stipulation of Dismissal, *Hammer v. United States*, No. 17-912C, ECF No. 11. This document is a representation to the court that both parties agree that the action should be dismissed pursuant to rule 41(a)(1)(A)(ii). It also contains a representation that Mr. Hammer agrees that this court lacks jurisdiction over his claims and states his intent to refile elsewhere. Nothing more. There is no agreement by either party to be bound by any promise of future performance nor any consideration offered by either party. It served as a notice to the Clerk of Court to dismiss the complaint without further involvement of the judge or the parties, which the Clerk did. It is not a settlement agreement and has no further binding effect

---

[1] The District Court action has subsequently been dismissed for failure to state a claim. *Hammer v. United States*, No. 17-cv-02137 (S.D. Cal. Sept. 13, 2018).

[2] Plaintiff also attempted to file a motion to proceed *in forma pauperis*, which was not docketed by the clerk's office. We deem that motion properly filed and grant it for good cause shown.

on the parties other than the disposition of the earlier lawsuit. There is thus no contract alleged and no action over which this court has jurisdiction.

Further, the relief requested---an injunction reversing the removal of the state court action to federal court---is not a remedy this court has authority to provide. The Tucker Act provides for jurisdiction over only suits seeking monetary judgments, except in limited circumstances not applicable here. *See* 28 U.S.C. 1491 (2012). Specific performance, as an equitable remedy, is generally unavailable against the United States. *See, e.g., Cleveland v. United States*, 9 Cl. Ct. 741, 746 (1985) (citing *United States v. King*, 395 U.S. 1, 3 (1969)). For these reasons, plaintiff's complaint must be dismissed.[3] Accordingly, the following is ordered:

1. Plaintiff's motion for leave to file a sur-reply is granted. We deem the brief attached to that motion filed as of this date.

2. We direct the clerk's office to docket the motion received on December 17, 2018 as a motion to proceed *in forma pauperis* and grant it for good cause shown.

3. Defendant's motion to dismiss for lack of jurisdiction is granted.

4. The Clerk of Court is directed to enter judgment accordingly. No costs.

ERIC G. BRUGGINK
Senior Judge

---

[3] Plaintiff's request for monetary sanctions must also be denied because no court order was violated, nor even one identified by plaintiff's filing as having been violated.